UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA STELMAN | ) |
| Plaintiff | ) Case Number |
| | ) |
| vs. | ) CIVIL COMPLAINT |
| | ) |
| ALLIANCEONE RECEIVABLES | ) |
| MANAGEMENT, INC. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Christina Stelman, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Christina Stelman, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the State of New Jersey and the Plaintiff resides in this district.

## III. PARTIES

4.      Plaintiff, Christina Stelman, is an adult natural person residing at 52 Richwood Place Denville, NJ 07834

5.      Defendant, AllianceOne Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with a principal place of business located at 1160 Centre Pointe Drive Mendota Heights, MN 55120

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7.      In or around February, 2009 Defendant began contacting Plaintiff's parents about an alleged debt owed by Plaintiff for a Citi Bank Card.  Plaintiff's parents explained that Plaintiff does not live there and to please stop contacting them.

8.      Defendant has contacted Plaintiff's parents over 15 times.

9.      In a recent telephone conversation to Plaintiff, Defendant stated on the phone that if Plaintiff did not pay the alleged debt they were going to garnish her wages and repose her car.  Defendant further stated if the debt was not paid immediately they were going to take legal action against her.

10.     In or around March, 2009 Defendant has also contacted Plaintiff's ex-boyfriend about the debt owed by Plaintiff.

11. Defendant has also contacted Plaintiff at her place of employment.

12. On March 23, 2009 Defendant again contacted Plaintiff's parent even after having Plaintiffs new contact information.

13. Due to excessive telephone calls from Defendant to Plaintiffs parents, tension in the Plaintiff's parent's household has escalated to a point of causing extreme stress and anguish.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 b(1), b(3), c(a)(1),c(a)(3) d, d(1), e, f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, AllianceOne Receivables Management, Inc. for the following:

   a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

   b. Actual damages;

  c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

  d.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

            **Respectfully submitted,**

            **WARREN & VULLINGS, LLP**

Date: March 31, 2009    BY: */s/ Brent F. Vullings*
            Brent F. Vullings, Esquire
            Warren & Vullings, LLP
            1603 Rhawn Street
            Philadelphia, PA  19111
            215-745-9800   Fax 215-745-7880
            Attorney for Plaintiff